UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARK RIDLEY, *et al.*, § | |
| § | |
| *Plaintiffs*, § | |
| § | |
| v. § | CIVIL ACTION H-17-974 |
| § | |
| PENBAR, INC., *et al.*, § | |
| § | |
| *Defendants*. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a motion to dismiss filed by defendant Penbar, Inc. d/b/a Regency Village Skilled Nursing and Rehab Center ("Regency Village"). Dkt. 11. Plaintiffs Mark Ridley, Stephanie Ketchum, Olga Guevara, and Maria Fernandez ("Plaintiffs") responded in opposition to the motion, or in the alternative, seeking leave to amend their complaint. Dkt. 22. Regency Village replied. Dkt. 23. Having considered the complaint, the motion, the response, the reply, and the applicable law, the court is of the opinion that the motion to dismiss should be GRANTED and the motion for leave to amend should be GRANTED.

### I. BACKGROUND

Plaintiffs sued Regency Village on March 29, 2017, alleging violations of (1) the Fair Labor Standards Act ("FLSA") for unpaid overtime wages and (2) state law for unpaid "straight-time" compensation.[1] Dkt. 1 at 1. Plaintiffs sued as a collective action under the FLSA and a Rule 23 class action for the state law claims. *Id.*

---

[1] For the purposes of a motion to dismiss, the court accepts all well-pled facts contained in Plaintiffs' complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

According to Plaintiffs, Regency Village employed Plaintiffs and others similarly situated as nurses. *Id.* at 6–7. Regency Village scheduled its nurses to work numerous twelve-hour shifts per week, and many nurses regularly worked more than forty hours per week. *Id.* at 7. Regency Village's timekeeping software automatically deducted one hour (during each twelve-hour shift) for a lunch break. *Id.* at 8. The hour lunch break would be deducted regardless of whether the nurses actually took the break or worked through their break. *Id.* at 8–9. Further, Plaintiffs allege that Regency Village knew and expected its nurses to work through their lunch breaks, despite its policy of automatically deducting one hour. *Id.* at 10.

Plaintiffs filed this FLSA collective action claiming that Regency Village should have paid overtime wages to nurses for the one hour work break automatically deducted when the nurses worked more than forty hours per week. *Id.* at 13. Plaintiffs assert a Rule 23 class action based on state law claims for the one hour deduction of "straight-time," or when nurses worked forty hours or fewer per week. *Id.* at 15.

In the instant motion, Regency Village moves to dismiss Plaintiffs' complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 11. Plaintiffs argue that the case should not be dismissed, or in the alternative, that they should be given leave to amend their complaint to cure any deficiencies. Dkt. 22.

## II. Legal Standard

Rule 8(a)(2) requires that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party against whom claims are asserted may move to dismiss those claims when the nonmovant has failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted). While the allegations need not be overly detailed, a plaintiff's pleading must still provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Evaluating a motion to dismiss is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Ultimately, the question for a court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff." *NuVasive, Inc. v. Renaissance Surgical Ctr.*, 853 F. Supp. 2d 654, 658 (S.D. Tex. 2012).

### III. ANALYSIS

**A.    FLSA Claim**

Regency Village contends that Plaintiffs fail to state a cause of action under the FLSA because they plead insufficient facts to show that Plaintiffs engaged in interstate commerce or that Regency Village constituted an enterprise engaged in commerce as defined by the FLSA. Dkt. 11 at 6. Alternatively, Regency Village argues that Plaintiffs fail to plead sufficient facts to support

3

their claim for failure to pay overtime wages under the FLSA. *Id.* at 8. Because Plaintiffs fail to plead FLSA coverage, the court need not determine whether Plaintiffs plead sufficient facts for their claim for failure to pay overtime wages.

Under the FLSA, any employee "who is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce" must receive time-and-a-half compensation for hours worked in excess of forty hours per week. 29 U.S.C. § 207(a)(2)(C). The FLSA applies only to individuals and enterprises engaged in "activities constituting interstate commerce, not activities merely affecting commerce." *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing *McLeod v. Threlkeld*, 319 U.S. 491, 497, 63 S.Ct. 1248 (1943)). To properly plead a claim under the FLSA, Plaintiffs must sufficiently allege individual or enterprise coverage, either of which is "enough to invoke FLSA protection." *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992).

*i. Individual Coverage*

To adequately plead individual coverage under the FLSA, Plaintiffs must allege that, at times relevant to their claim, they were "engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(2)(C). Plaintiffs' complaint states that "Defendants have had and continue to have employees engaged in commerce through the operation of Regency Village." Dkt. 1 at 6. According to Regency Village, Plaintiffs fail to plead sufficient facts to establish individual coverage. Dkt. 11 at 6. Plaintiffs argue that their complaint supports a finding of individual coverage because it alleges that "[Plaintiffs'] work for Defendants affected interstate commerce." Dkt. 22 at 4.

The FLSA defines "commerce" as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29

4

U.S.C. § 203(b). In the context of the FLSA, "commerce" means interstate commerce. *Polycarpe v. E & S Landscaping Serv., Inc.*, 616 F.3d 1217, 1221 (11th Cir. 2010) (interpreting the "plain meaning" of 29 U.S.C. § 203(b)).

To determine whether there is individual coverage under the FLSA, the Fifth Circuit asks "whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007) (quoting *Mitchell v. H. B. Zachary Co.*, 362 U.S. 310, 324, 80 S. Ct. 739 (1960)). In *Sobrinio*, the Fifth Circuit held that a motel employee whose duties included chauffeuring guests was not engaged in interstate commerce because the work was not "entwined with a *continuous* stream of [interstate] travel." *Id.* (quoting *Marshall v. Victoria Transp. Co., Inc.*, 603 F.2d 1122, 1125 (5th Cir. 1979)). In contrast, the Fifth Circuit held in *Marshall* that bus drivers whose routes were "within walking distance of the bridge that connects Texas to Mexico" were engaged in interstate commerce because "transporting persons making international journeys was a regular, recurring, and substantial part" of their work. 503 F.2d at 1124, 1125. *Sobrinio* and *Marshall* indicate that a plaintiff attempting to establish individual coverage under the FLSA must demonstrate a direct and substantial involvement with interstate commerce. *Sobrinio*, 474 F.3d at 829; *Marshall*, 503 F.2d at 1125.

In the motion to dismiss context, plaintiffs who allege the elements of individual coverage under the FLSA without explaining their involvement in interstate commerce do not sufficiently plead individual coverage. *Coleman v. John Moore Servs., Inc.*, No. H-13-2090, 2014 WL 51290, at *5 (S.D. Tex. Jan. 7, 2014) (Rosenthal, J.). The court in *Coleman* held that a plaintiff who did not "[plead] specific facts that establish individual or enterprise coverage," but instead only "recite[d] the statutory elements of FLSA coverage," did not establish coverage under the FLSA. *Id.*

Here, Plaintiffs' complaint alleges no facts in support of individual coverage except that Plaintiffs "engaged in commerce through the operation of Regency Village." Dkt. 1 at 6. The *Iqbal* standard requires that plaintiffs plead enough facts to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiffs do not provide facts to support the conclusion that, as Regency Village employees, they were engaged in interstate commerce. Therefore, Plaintiff fail to plead a short and plain statement showing that they qualify for FLSA relief based on individual coverage as required by Rule 8(a)(2).

    *ii.*    *Enterprise Coverage*

Regency Village also contends that Plaintiffs have not sufficiently alleged enterprise coverage. The FLSA defines an "[e]nterprise engaged in commerce or in the production of goods for commerce," in relevant part, as:

> an enterprise that . . . (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 . . . .

29 U.S.C. § 203(s)(1)(A).

Plaintiffs' complaint alleges that "Defendants have been an enterprise in commerce within the meaning of Section 203(s)(1) of the FLSA because Defendants have had and continue to have employees engage in commerce through the operation of Regency Village." Dkt. 1 at 6. Similar to their allegation of individual coverage, Plaintiffs do not include facts to support the conclusion that Regency Village was an enterprise engaged in commerce or the production of goods for commerce under the FLSA. Plaintiffs' allegations of enterprise coverage are conclusory statements, and they do not supply facts that would nudge that claim across "the line from conceivable to plausible."

*Twombly*, 550 U.S. at 570. Therefore, Plaintiffs also fail to adequately show that they qualify for FLSA relief based on enterprise coverage.

Because Plaintiffs fail to plead sufficient facts to support FLSA coverage, Regency Village's motion to dismiss Plaintiffs' FLSA claims is GRANTED. Plaintiffs' FLSA claims are DISMISSED WITHOUT PREJUDICE.

**B.      Rule 23 Claims**

When state law claims are grounded on supplemental jurisdiction, the Fifth Circuit's general rule is to dismiss the state claims when the federal claims to which they are pendent are dismissed. *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992). Further, the Supreme Court has advised that courts should decline jurisdiction "if the federal claims are dismissed before trial." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130 (1966). However, the rule is "neither mandatory nor absolute." *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999). The court should balance the statutory factors to determine whether to dismiss the state law claims as well. *Enochs v. Lampasas Cty.*, 641 F.3d 155, 158–59 (5th Cir. 2011). Those factors include: (1) whether the claim raises novel or complex issues of state law; (2) whether the state law claims predominate over the federal claims; (3) whether the court has dismissed all of the federal law claims; and (4) whether there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

Even though this case does not involve a particularly novel or complex issue of state law, the remaining three factors favor dismissal. Because the federal claims have been dismissed, the state law claims certainly predominate over the non-existent federal claims. *Enochs*, 641 F.3d at 159. The court has dismissed all of the federal law claims. Finally, the fourth factor also favors dismissal because the common law factors constitute another compelling reason to decline jurisdiction.

7

The common law factors include judicial economy, convenience, fairness, and comity. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 353, 108 S. Ct. 614 (1988). Because this case is still at the motion to dismiss stage, few judicial resources have been expended. Further, it is both convenient and fair to try a case between Texas citizens alleging only state causes of action in a Texas state court. Finally, "comity demands that the 'important interests of federalism and comity' be respected by the federal courts, which are courts of limited jurisdiction and 'not as well equipped for determinations of state law as are state courts.'" *Enochs*, 641 F.3d at 160 (quoting *Parker &Parsley*, 972 F.2d at 588–89). The statutory and common law factors favor dismissal of the state law claims. Thus, the Rule 23 claims based on state causes of action are DISMISSED WITHOUT PREJUDICE.

C.     **Leave to Amend**

Plaintiffs, alternatively, seek leave to amend their complaint if the court dismisses any of their claims. Dkt. 22 at 22. Rule 15(a)(1) allows a party to amend its pleading once as a matter of course either (a) twenty-one days after serving it, or (b) twenty-one days after service of a required responsive pleading or a Rule 12(b), (e), or (f) motion, whichever is earlier. Fed. R. Civ. P. 15(a)(1). After that period has passed, Rule 15(a)(2) allows a party to "amend its pleading only with the opposing party's written consent or the court's leave." *Id.* at 15(a)(2). Leave to amend should be freely given absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962). A defendant suffers prejudice when an amended pleading adds a claim that "would require the defendant 'to reopen discovery and prepare a defense for a

claim'" that was not originally asserted. *Smith v. EMC Corp.*, 393 F.3d 590, 696 (5th Cir. 2004) (quoting *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)).

Plaintiffs have not yet amended their complaint in this case. Leave to amend would not unduly delay the case or prejudice Regency Village. *Foman*, 371 U.S. at 182. Further, there is no indication of bad faith or dilatory motive on Plaintiffs' part; rather, it appears that Plaintiffs believed their complaint sufficiently stated a claim upon which relief could be granted. *Id.* Therefore, the court GRANTS Plaintiffs leave to amend their complaint.

## IV. CONCLUSION

Because Plaintiffs have not set forth sufficient facts to support a reasonable inference that either individual or enterprise coverage under the FLSA applies to their case, Regency Village's motion to dismiss is GRANTED. Plaintiffs' claims are DISMISSED WITHOUT PREJUDICE. Plaintiffs, however, are granted leave to amend their complaint to cure its deficiencies. Plaintiffs have fourteen (14) days from the date of this order to do so.

Signed at Houston, Texas on January 12, 2018.

_____
Gray H. Miller
United States District Judge