IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARK RIDLEY, STEPHANIE KETCHUM, OLGA GUEVARA, and MARIA FERNANDEZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>REGENCY VILLAGE INC. D/B/A REGENCY VILLAGE SKILLED AND REHAB CENTER and PENBAR, INC. D/B/A REGENCY VILLAGE SKILLED AND REHAB CENTER,<br><br>Defendants. | §§§§§§§§§§§§§§§§§<br><br>CIVIL ACTION NO. 4:17-CV-00974 |

### DEFENDANT PENBAR, INC. D/B/A REGENCY VILLAGE SKILLED NURSING AND REHAB CENTER'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant Penbar, Inc. d/b/a Regency Village Skilled Nursing and Rehab Center (erroneously sued as Regency Village, Inc. d/b/a Regency Village Skilled and Rehab Center) ("Regency Village" or "Defendant") files its Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint and respectfully shows the Court as follows:

### I.  SUMMARY[1]

1.  In response to Paragraph 1 of the First Amended Complaint, Defendant admits Plaintiffs purport to bring this action against Defendant on behalf of themselves and all similarly situated employees, as a collective action under the Fair Labor Standards Act ("FLSA"). The Court's March 15, 2018 Order dismissed Plaintiffs' state law claims. Thus, Plaintiffs' allegations relating to the state law claims are not at issue and therefore no answer related to

---

[1] By restating the header "SUMMARY," and other headers used by the Plaintiffs in their First Amended Complaint, Regency Village does not admit that any of the facts alleged in the Plaintiffs' First Amended Complaint are true, or that any of the Plaintiffs' allegations or requests for damages has any merit whatsoever. Rather, Regency Village stands by the specific admissions and denials made elsewhere in this Answer.

1

those allegations is required. Defendant denies any and all of the remaining allegations in Paragraph 1, specifically denying all allegations of unlawful conduct, that collective treatment is appropriate, and that Plaintiffs or any putative class member is entitled to any of the requested relief or any relief at all.

2. In response to Paragraph 2 of the First Amended Complaint, Defendant affirmatively states it had timekeeping software which automatically deducted thirty (30) minutes for shifts over five hours or one (1) hour for shifts over eleven (11) hours. Insofar as there are additional allegations in Paragraph 2 which are construed to require a response, Defendant denies any and all of the remaining allegations in this Paragraph that are not expressly admitted.

3. In response to Paragraph 3 of the First Amended Complaint, Defendant denies all of the allegations therein.

4. In response to Paragraph 4 of the First Amended Complaint, Defendant admits that Plaintiffs purport to bring this action against Defendant on behalf of themselves and all similarly situated employees, as a collective action under the Fair Labor Standards Act ("FLSA"). Defendant denies any and all of the remaining allegations in this Paragraph that are not expressly admitted.

5. The Court's March 15, 2018 Order dismissed Plaintiffs' state law claims. Thus, Plaintiffs' allegations relating to the state law claims are not at issue and therefore no answer related to those allegations is required. State law Insofar as there are additional allegations in Paragraph 5 which are construed to require a response, Defendant denies any and all of the remaining allegations in this Paragraph.

6. In response to Paragraph 6 of the First Amended Complaint, Defendant admits that Plaintiffs purport to bring a collective action, pursuant to the FLSA, on behalf of "Nurses employed at all Regency Village locations to provide direct patient care at any time during the three years before this Complaint was filed up to the present who, as a result of Defendants' practice of automatically deducting 30 minutes or 1 hour from each shift worked and not paying

for same, did not receive all of the overtime pay to which they were entitled under the FLSA in the weeks of their employment in which said nurses worked more than forty (40) hours per week", but specifically denies that Plaintiffs or the putative class members are entitled to any such relief. The Court's March 15, 2018 Order dismissed Plaintiffs' state law claims. Thus, Plaintiffs' allegations relating to the state law claims are not at issue and therefore no answer related to those allegations is required. Insofar as there are additional allegations in Paragraph 6 which are construed to require a response, Defendant denies any and all of the remaining allegations in this Paragraph that are not expressly admitted.

## II. SUBJECT MATTER JURISDICTION & VENUE

7. In response to Paragraph 7 of the First Amended Complaint, Defendant contends Paragraph 7 states legal conclusions which require no response. To the extent a response is required, Defendant admits this Court has subject matter jurisdiction over Plaintiffs' claims brought under 29 U.S.C. § 216(b) in this matter. Insofar as there are additional allegations in Paragraph 7 which are construed to require a response, Defendant denies any and all of the remaining allegations in this Paragraph that are not expressly admitted.

8. In response to Paragraph 8 of the First Amended Complaint, the Court's March 15, 2018 Order dismissed Plaintiffs' state law claims. Thus, Plaintiffs' allegations relating to the state law claims are not at issue and therefore no answer related to those allegations is required. Insofar as there are additional allegations in Paragraph 8 which are construed to require a response, Defendant denies any and all of the remaining allegations in this Paragraph that are not expressly admitted.

9. In response to Paragraph 9 of the First Amended Complaint, Defendant admits that venue is proper in this district as to Plaintiffs' claims. Insofar as there are additional allegations in Paragraph 9 which are construed to require a response, Defendant denies any and all of the remaining allegations in this Paragraph that are not expressly admitted.

## III. PARTIES & PERSONAL JURISDICTION

10. In response to Paragraph 10 of the First Amended Complaint, Defendant is without sufficient information to admit or deny the location of Plaintiff Mark Ridley's residence. Defendant admits that Plaintiff Mark Ridley filed with the Court his consent to be a party plaintiff. Insofar as there are additional allegations in Paragraph 10 which are construed to require a response, Defendant denies any and all of the remaining allegations in this Paragraph that are not expressly admitted.

11. In response to Paragraph 11 of the First Amended Complaint, Defendant is without sufficient information to admit or deny the location of Plaintiff Stephanie Ketchum's residence. Defendant admits that Plaintiff Stephanie Ketchum filed with the Court her consent to be a party plaintiff. Insofar as there are additional allegations in Paragraph 11 which are construed to require a response, Defendant denies any and all of the remaining allegations in this Paragraph that are not expressly admitted.

12. In response to Paragraph 12 of the First Amended Complaint, Defendant is without sufficient information to admit or deny the location of Plaintiff Olga Guevara's residence. Defendant admits that Plaintiff Olga Guevara filed with the Court her consent to be a party plaintiff. Insofar as there are additional allegations in Paragraph 12 which are construed to require a response, Defendant denies any and all of the remaining allegations in this Paragraph that are not expressly admitted.

13. In response to Paragraph 13 of the First Amended Complaint, Defendant is without sufficient information to admit or deny the location of Plaintiff Marie Fernandez's residence. Defendant admits that Plaintiff Maria Fernandez filed with the Court her consent to be a party plaintiff. Insofar as there are additional allegations in Paragraph 13 which are construed to require a response, Defendant denies any and all of the remaining allegations in this Paragraph that are not expressly admitted.

14. In response to Paragraph 14 of the First Amended Complaint, Defendant admits Plaintiffs purport to bring this lawsuit on behalf of a current and former hourly-paid, direct

patient care nurses who work or worked at Regency. Insofar as there are additional allegations in Paragraph 14 which are construed to require a response, Defendant denies any and all of the remaining allegations in this Paragraph that are not expressly admitted.

15. In response to Paragraph 15 of the First Amended Complaint, Defendant affirmatively states Regency Village Inc. d/b/a Regency Village Skilled and Rehab Center is not an existing corporate entity. Defendant denies the remaining the allegations therein.

16. In response to Paragraph 16 of the First Amended Complaint, Defendant affirmatively states Penbar Inc., d/b/a Regency Village Skilled Nursing and Rehab Center is a Texas corporation, which was served with this lawsuit and has made an appearance in this case. Defendant denies the remaining allegations in this Paragraph.

### IV. FLSA COVERAGE

17. In response to Paragraph 17 of the First Amended Complaint, Defendant admits Plaintiffs were employed by Defendant and were classified as W-2 employees. Defendant contends Paragraph 17 contains legal conclusions and arguments to which no response is required. Insofar as there are additional allegations in Paragraph 17 which are construed to require a response, Defendant denies any and all of the remaining allegations in this Paragraph that are not expressly admitted, specifically that collective treatment is appropriate.

18. In response to Paragraph 18 of the First Amended Complaint, Defendant denies the allegations therein.

19. In response to Paragraph 19 of the First Amended Complaint, Defendant contends this Paragraph contains legal conclusions to which no response is required. Defendant admits Defendant's employees work with goods and materials that have been moved in or produced for commerce. Insofar as there are additional allegations in Paragraph 19 which are construed to require a response, Defendant denies any and all of the remaining allegations in this Paragraph that are not expressly admitted.

20. In response to Paragraph 20 of the First Amended Complaint, Defendant contends this Paragraph contains legal conclusions to which no response is required. Defendant admits it

offers a full continuum of care, from temporary respite care, to long-term skilled nursing, to hospice services, as well as short-term rehabilitation and specialty programs, including cardiac care, diabetes care, IV care, neuro-muscular therapy, neurological care, nutritional management, occupational therapy, orthopedic rehabilitation, pain management and physical therapy. Insofar as there are additional allegations in Paragraph 20 which are construed to require a response, Defendant denies any and all of the remaining allegations in this Paragraph that are not expressly admitted.

21. In response to Paragraph 21 of the First Amended Complaint, Defendant contends this Paragraph contains legal conclusions to which no response is required. Insofar as there are additional allegations in Paragraph 21 which are construed to require a response, Defendant denies any and all of the remaining allegations in this Paragraph that are not expressly admitted.

## V. FACTUAL BACKGROUND

22. In response to Paragraph 22 of the First Amended Complaint, Defendant admits it operates Regency Skilled Nursing & Rehabilitation at 409 West Greene Street, Webster, Texas 77598. Defendant further admits it offers a full continuum of care, from temporary respite care, to long-term skilled nursing, to hospice services, as well as short-term rehabilitation and a range of specialty programs and complex clinical services. Defendant admits it provides these services at its facility located in Webster, Texas. Defendant admits it employs 24-hour specialized care to its patients. The Court's March 15, 2018 Order dismissed Plaintiffs' state law claims. Thus, Plaintiffs' allegations relating to the state law claims are not at issue and therefore no answer related to those allegations is required. Insofar as there are additional allegations in Paragraph 22 which are construed to require a response, Defendant denies any and all of the remaining allegations in this Paragraph that are not expressly admitted.

23. In response to Paragraph 23 of the First Amended Complaint, Defendant affirmatively states that Plaintiff Mark Ridley has been employed with Regency Village from January 2014 to present. Defendant affirmatively states on or about January 2014, Plaintiff Mark Ridley was hired as an LVN at an hourly rate of $25. Insofar as there are additional allegations in

6

Paragraph 23 which are construed to require a response, Defendant denies any and all of the remaining allegations in this Paragraph that are not expressly admitted

24. In response to Paragraph 24 of the First Amended Complaint, Defendant affirmatively states that Plaintiff Stephanie Ketchum was employed with Regency Village from approximately November 2014 to June 2017. Defendant affirmatively states on or about November 2014, Plaintiff Stephanie Ketchum was hired as an RN at an hourly rate of $29.50\. Insofar as there are additional allegations in Paragraph 24 which are construed to require a response, Defendant denies any and all of the remaining allegations in this Paragraph that are not expressly admitted

25. In response to Paragraph 25 of the First Amended Complaint, Defendant affirmatively states that Plaintiff Olga Guevara has been employed with Regency Village from approximately June 2010 to present. Defendant affirmatively states on or about June 2010 Plaintiff Olga Guevara was hired as a CMA. Her current rate of pay is $14.50. Insofar as there are additional allegations in Paragraph 25 which are construed to require a response, Defendant denies any and all of the remaining allegations in this Paragraph that are not expressly admitted

26. In response to Paragraph 26 of the First Amended Complaint, Defendant affirmatively states that Plaintiff Maria Fernandez has been most recently employed with Regency Village from approximately June 2015 to present. Defendant affirmatively states on or about June 2015, Plaintiff Maria Fernandez was hired as a CNA at an hourly rate of 12.50. Insofar as there are additional allegations in Paragraph 26 which are construed to require a response, Defendant denies any and all of the remaining allegations in this Paragraph that are not expressly admitted

27. In response to Paragraph 27 of the First Amended Complaint, Defendant affirmatively states Plaintiffs are currently scheduled to work either eleven or six hour shifts during a workweek, depending on their job title and assigned shift. Plaintiffs have the option to pick up additional shifts. Insofar as there are additional allegations in Paragraph 27 which are construed to require a response, Defendant denies any and all of the remaining allegations in this Paragraph that are not expressly admitted.

28. In response to Paragraph 28 of the First Amended Complaint, Defendant contends this Paragraph contains arguments and legal conclusions to which no response is required. Insofar as there are additional allegations in Paragraph 28 which are construed to require a response, Defendant denies any and all of the remaining allegations in this Paragraph that are not expressly admitted.

<u>Off-the-clock work: Uncompensated work during meal breaks.</u>

29. In response to Paragraph 29 of the First Amended Complaint, Defendant admits it utilized eTIME as its payroll software for a portion of the relative time period. Defendant states during a portion of Plaintiffs' employment with Defendant, Plaintiffs' hours were tracked via the eTIME software and the amount of time tracked by the software was uploaded for processing into the eTIME payroll processing system. Defendant admits its timekeeping system automatically deducted thirty (30) minutes for shifts worked over five hours or one (1) hour for shifts worked over eleven (11) hours. Insofar as there are additional allegations in Paragraph 29 which are construed to require a response, Defendant denies any and all of the remaining allegations in this Paragraph that are not expressly admitted

30. In response to Paragraph 30 of the First Amended Complaint, Defendant admits all hourly-paid direct patient care nurses are subject to the automatic deduction of thirty or one hour of time per shift from the recorded time worked, depending on the length of their shift, but affirmatively states that Plaintiffs and/or the putative class can reverse the auto-deduction and there were policies, practices, and agreements in place between the parties permitting and

authorizing such reversals. Insofar as there are additional allegations in Paragraph 30 which are construed to require a response, Defendant denies any and all of the remaining allegations in this Paragraph that are not expressly admitted.

31. In response to Paragraph 31 of the First Amended Complaint, Defendant contends this Paragraph contains arguments and legal conclusions to which no response is required. Insofar as there are additional allegations in Paragraph 31 which are construed to require a response, Defendant denies any and all of the remaining allegations in this Paragraph that are not expressly admitted.

32. In response to Paragraph 32 of the First Amended Complaint, Defendant contends this Paragraph contains arguments and legal conclusions to which no response is required. Insofar as there are additional allegations in Paragraph 32 which are construed to require a response, Defendant denies any and all of the remaining allegations in this Paragraph that are not expressly admitted.

33. In response to Paragraph 33 of the First Amended Complaint, Defendant denies the allegations therein.

34. In response to Paragraph 34 of the First Amended Complaint, Defendant denies the allegations therein.

35. In response to Paragraph 35 of the First Amended Complaint, Defendant contends this Paragraph contains arguments and legal conclusions to which no response is required. Insofar as there are additional allegations in Paragraph 35 which are construed to require a response, Defendant denies any and all of the remaining allegations in this Paragraph that are not expressly admitted.

36. In response to Paragraph 36 of the First Amended Complaint, Defendant contends this Paragraph contains arguments and legal conclusions to which no response is required. Insofar as there are additional allegations in Paragraph 36 which are construed to require a response, Defendant denies any and all of the remaining allegations in this Paragraph that are not expressly admitted.

37. In response to Paragraph 37 of the First Amended Complaint, Defendant contends this Paragraph contains arguments and legal conclusions to which no response is required. Insofar as there are additional allegations in Paragraph 37 which are construed to require a response, Defendant denies any and all of the remaining allegations in this Paragraph that are not expressly admitted.

Calculation of damages.

38. In response to Paragraph 38 of the First Amended Complaint, Defendant contends this Paragraph contains arguments and legal conclusions to which no response is required. Insofar as there are additional allegations in Paragraph 38 which are construed to require a response, Defendant denies any and all of the remaining allegations in this Paragraph.

## VI. COLLECTIVE ACTION ALLEGATIONS VIOLATION OF 29 U.S.C. § 207 – OVERTIME

39. Defendant incorporates its responses to Paragraphs 1 through 39 as if fully set forth herein.

40. In response to Paragraph 40 of the First Amended Complaint, Defendant admits Plaintiffs purport to bring their FLSA claims as a collective action. Defendant denies any and all of the remaining allegations in Paragraph 40, specifically denying all allegations of unlawful conduct, that collective treatment is appropriate, and that Plaintiffs or any putative class member is entitled to any of the requested relief or any relief at all.

41. In response to Paragraph 41 of the First Amended Complaint, Defendant admits Plaintiffs purport to bring this action on behalf of Defendant's "hourly-paid direct patient care nurses who worked at all Regency Village locations during the three years preceding the filing of this action through entry of judgment in this case, whose overtime pay was docked pursuant to an automatic meal break deduction policy notwithstanding the fact that the nurses performed compensable work during the supposed meal break periods", but denies that Plaintiffs or the putative class members are entitled to any such relief. Defendant denies any and all of the

remaining allegations in Paragraph 41, specifically denying all allegations of unlawful conduct and deny that this action is appropriate for collective treatment.

42. In response to Paragraph 42 of the First Amended Complaint, Defendant contends this Paragraph contains legal conclusions to which no response is required. Insofar as there are additional allegations in Paragraph 42 which are construed to require a response, Defendant denies any and all of the remaining allegations in this Paragraph, specifically denying all allegations of unlawful conduct and deny that this action is appropriate for collective treatment.

43. In response to Paragraph 43 of the First Amended Complaint, Defendant is without sufficient knowledge or information to admit or deny the allegations therein, and therefore, denies these allegations.

44. In response to Paragraph 44 of the First Amended Complaint, Defendant contends this Paragraph contains legal conclusions to which no response is required. Insofar as there are additional allegations in Paragraph 44 which are construed to require a response, Defendant denies any and all of the remaining allegations in this Paragraph, specifically denying all allegations of unlawful conduct and that this action is appropriate for collective treatment.

45. In response to Paragraph 45 of the First Amended Complaint, Defendant contends this Paragraph contains legal conclusions to which no response is required. Insofar as there are additional allegations in Paragraph 45 which are construed to require a response, Defendant denies any and all of the remaining allegations in this Paragraph, denying all allegations of unlawful conduct, that collective treatment is appropriate, and that Plaintiffs or any putative class member is entitled to any of the requested relief or any relief at all.

46. In response to Paragraph 46 of the First Amended Complaint, Defendant is without sufficient knowledge or information to admit or deny the allegations therein, and therefore, denies these allegations.

47. In response to Paragraph 47 of the First Amended Complaint, Defendant admits Plaintiffs purport to bring this action on behalf of "Nurses employed at all Regency Village locations to provide direct patient care at any time during the three years before this Complaint was filed up to the present who, as a result of Defendants' practice of automatically deducting half-an-hour or one hour from each shift worked and not paying for same, did not receive all of the overtime pay to which they were entitled under the FLSA in the weeks of their employment in which said nurses worked more than forty (40) hours per week", but specifically denies that the Plaintiffs or the putative class members are entitled to any such relief. Insofar as there are additional allegations in Paragraph 47 which are construed to require a response, Defendant denies any and all of the remaining allegations in this Paragraph that are not expressly admitted.

### VII. TEXAS CLASS ACTION ALLEGATIONS

48. Defendant incorporates its responses to Paragraphs 1 through 47 as if fully set forth herein.

49. The Court's March 15, 2018 Order dismissed Plaintiffs' state law claims. Thus, Plaintiffs' allegations relating to the state law claims are not at issue and therefore no answer related to those allegations is required. Defendant denies any and all of the remaining allegations in Paragraph 49.

50. The Court's March 15, 2018 Order dismissed Plaintiffs' state law claims. Thus, Plaintiffs' allegations relating to the state law claims are not at issue and therefore no answer related to those allegations is required. Defendant denies any and all of the remaining allegations in Paragraph 50.

51. The Court's March 15, 2018 Order dismissed Plaintiffs' state law claims. Thus, Plaintiffs' allegations relating to the state law claims are not at issue and therefore no answer related to those allegations is required. Defendant denies any and all of the remaining allegations in Paragraph 51.

52. The Court's March 15, 2018 Order dismissed Plaintiffs' state law claims. Thus, Plaintiffs' allegations relating to the state law claims are not at issue and therefore no answer

related to those allegations is required. Defendant denies any and all of the remaining allegations in Paragraph 52.

53. The Court's March 15, 2018 Order dismissed Plaintiffs' state law claims. Thus, Plaintiffs' allegations relating to the state law claims are not at issue and therefore no answer related to those allegations is required. Defendant denies any and all of the remaining allegations in Paragraph 53, including its subparts (a) – (e).

54. The Court's March 15, 2018 Order dismissed Plaintiffs' state law claims. Thus, Plaintiffs' allegations relating to the state law claims are not at issue and therefore no answer related to those allegations is required. Defendant denies any and all of the remaining allegations in Paragraph 54.

55. The Court's March 15, 2018 Order dismissed Plaintiffs' state law claims. Thus, Plaintiffs' allegations relating to the state law claims are not at issue and therefore no answer related to those allegations is required. Defendant denies any and all of the remaining allegations in Paragraph 55.

## VIII. DAMAGES SOUGHT

### A. FLSA Collective Action Damages.

56. In response to Paragraph 56 of the First Amended Complaint, Defendant denies all of the allegations therein and specifically deny that Plaintiff and the putative class members are entitled to any relief.

57. In response to Paragraph 57 of the First Amended Complaint, Defendant denies all of the allegations therein and specifically deny that Plaintiff and the putative class members are entitled to any relief.

58. In response to Paragraph 58 of the First Amended Complaint, Defendant denies all of the allegations therein and specifically deny that Plaintiff and the putative class members are entitled to any relief.

B. <u>Rule 23 Class Action Damages.</u>

59. The Court's March 15, 2018 Order dismissed Plaintiffs' state law claims. Thus, Plaintiffs' allegations relating to the state law claims are not at issue and therefore no answer related to those allegations is required. Defendant denies any and all of the remaining allegations in Paragraph 59.

60. The Court's March 15, 2018 Order dismissed Plaintiffs' state law claims. Thus, Plaintiffs' allegations relating to the state law claims are not at issue and therefore no answer related to those allegations is required. Defendant denies any and all of the remaining allegations in Paragraph 60.

61. The Court's March 15, 2018 Order dismissed Plaintiffs' state law claims. Thus, Plaintiffs' allegations relating to the state law claims are not at issue and therefore no answer related to those allegations is required. Defendant denies any and all of the remaining allegations in Paragraph 61.

## IX. PRAYER

A. <u>FLSA COLLECTIVE ACTION RELIEF – OVERTIME</u>

The allegations set forth on page 19 of the Complaint entitled "Prayer" are requests for relief, and as such, require no response. However, to the extent a response is required, Defendant asserts Plaintiffs are not entitled to the relief sought.

B. <u>RULE 23 RELIEF FOR STATE LAW CLAIMS</u>

The Court's March 15, 2018 Order dismissed Plaintiffs' state law claims. Thus, Plaintiffs' allegations relating to the state law claims are not at issue and therefore no answer related to those allegations is required. Insofar as any portion of the paragraph is construed to require a response, Defendant asserts Plaintiffs are not entitled to the relief sought.

**AFFIRMATIVE AND OTHER DEFENSES**

Based on Defendant's knowledge of the facts to date, Defendant asserts the following affirmative defenses. To the extent that any defenses or legal theories asserted herein may be interpreted as being inconsistent, such defenses or legal theories are hereby pled in the alternative. Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiffs' burden to show otherwise, Defendant pleads as follows:

FIRST DEFENSE

Defendant alleges that Plaintiffs' Complaint, and every alleged claim therein, fails to state a claim upon which relief can be granted.

SECOND DEFENSE

Defendant alleges that Plaintiffs' Complaint, and every alleged claim therein, is barred in whole or in part by the equitable doctrine of laches.

THIRD DEFENSE

Defendant alleges that Plaintiffs' Complaint, and every alleged claim therein, is barred in whole or in part by the equitable doctrine of unclean hands.

FOURTH DEFENSE

Defendant alleges that Plaintiffs' Complaint, and every alleged claim therein, is barred in whole or in part by the equitable doctrine of waiver.

FIFTH DEFENSE

Defendant alleges that Plaintiffs' Complaint, and every alleged claim therein, is barred in whole or in part by the equitable doctrine of estoppel.

SIXTH DEFENSE

Plaintiffs' Complaint, and each claim set forth therein, is barred because Plaintiffs failed to timely and completely exhaust the requisite administrative, statutory and/or contractual remedies and/or other prerequisites to filing suit.

## SEVENTH DEFENSE

Plaintiffs' claims and the claims of alleged similarly situated individuals are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. §260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

## EIGHTH DEFENSE

Plaintiffs' Complaint, and every alleged claim therein, is barred, in whole or in part, because the work of Plaintiffs and/or the putative collective members was voluntary in nature and performed without Defendant's knowledge or authorization.

## NINTH DEFENSE

Plaintiffs' Complaint, and every alleged claim therein, is barred, in whole or in part, because any work of Plaintiffs and/or the putative collective members beyond their compensated workday/workweek was *de minimis*.

## TENTH DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, by the doctrines of accord and satisfaction, to the extent that Plaintiffs and/or the putative collective action members have received, or will receive, compensation for any outstanding wages, penalties, and/or damages purportedly due.

## ELEVENTH DEFENSE

Plaintiffs' Complaint, is barred, in whole or in part, to the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. §255(a), and/or any other applicable statutes of limitation, such claims are barred.

## TWELFTH DEFENSE

The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, by the by the applicable statute of limitations. Specifically, the statute of limitations under the FLSA is two years, unless the cause of action arose out of a willful violation (in which

case the statute of limitations is three years). 29 U.S.C. §255. Plaintiffs' claims do not arise out of a willful violation. Therefore, Plaintiffs are unable to recover for any alleged violation of the FLSA which occurred more than two years before they commenced this action.

### THIRTEENTH DEFENSE

Any claim for liquidated damages fails, in whole or in part, based on Defendant's lack of willfulness and/or lack of intent to violate the FLSA.

### FOURTEENTH DEFENSE

Plaintiffs' Complaint, and every alleged claim therein, is barred to the extent that there are bona fide disputes as to whether further compensation is due to Plaintiffs and/or the putative class members and, if so, as to the amount of such further compensation, and to impose penalties on Defendant would be inequitable and unjust.

### FIFTEENTH DEFENSE

Any unpaid wage claims are barred, in whole or in part, by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254 and/or the applicable provisions of state law, as to all hours during which Plaintiffs and putative collective members were engaged in activities which were preliminary, postliminary or incidental to their principal duties or activities. .

### SIXTEENTH DEFENSE

Defendant does not presently know all facts respecting the allegations in Plaintiffs' Complaint to sufficiently state all affirmative and other defenses at this time. Accordingly, Defendant reserves the right to amend this Answer should it later discover facts demonstrating the existence of additional defenses.

WHEREFORE, Defendant prays that:

1. The Complaint be dismissed in its entirety with prejudice, and that Plaintiffs take nothing by her Complaint;

2. Judgment be entered against Plaintiffs and in favor of Defendant; and

3. The Court award Defendant such other and further relief as it deems appropriate.

Dated: March 29, 2018                                  Respectfully submitted,

Of Counsel:

Allison Clara Williams
State Bar No. 24075108
Federal I.D. No. 1138493
LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
1301 McKinney Street, Suite 1900
Houston, Texas  77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)
acwilliams@littler.com

*s/ David B. Jordan*
David B. Jordan (Lead Attorney)
State Bar No. 24032603
Federal I.D. No. 40416
LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
1301 McKinney Street, Suite 1900
Houston, Texas  77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)
djordan@littler.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2018, I electronically filed this document with the Clerk of Court for the U.S. District Court, Southern District of Texas, using the Electronic Case Filing System of the Court. The Electronic Case Filing System sent a "Notice of Electronic Filing" to the following counsel of record:

Todd Slobin
Richardo J. Prieto
SHELLIST/LAZARZ/SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046

*/s/ David B. Jordan*
David B. Jordan